UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES, CDCR #F-39579,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, Warden;<br>G. STRATTON, Assoc. Warden;<br>M. FLYNN, Correctional Counselor;<br>JAN HANSSON, Psychiatrist;<br>EMMA PHAN, Psychologist,<br>　　　　　　　　　　　　　　Defendants. | Civil No.   13cv0803 BTM (WMc)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO STAY (ECF Doc. No. 11)**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR CONCESSION OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO SUIT PURSUANT TO 42 U.S.C. § 1997e(a)**<br><br>**AND**<br><br>**(2) DENYING PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS* AS MOOT (ECF Doc. Nos. 10, 16)** |

Plaintiff, an inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, initiated this civil action by filing a letter addressed to the Honorable Thelton E. Henderson in the Northern District of California on March 30, 2013 (ECF Doc. No. 1).

Because Plaintiff's letter alleged that he had been involuntarily transferred without due process from RJD to Atascadero State Hospital ("ASH") based on false claims of mental illness,

Judge Henderson found venue properly lay in the Southern District of California, and transferred the case here pursuant to 28 U.S.C. §§ 84(b), 1391(b) and 1406(a). *See* Order of Transfer (ECF Doc. No. 4) at 1-2.

Once the case was transferred here, Plaintiff sought and was granted an extension of time in which to file a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF Doc. Nos. 7, 8). On April 23, 2013, Plaintiff filed a formal Complaint pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 9), a Motion to Proceed IFP (Doc. No. 10),[1] and a Motion to Stay the proceedings "until exhaustion of administrative remed[ies]." *See* ECF Doc. No. 11 at 2. On July 14, 2013, Plaintiff also submitted a "Motion for Order Requiring Response" in which he requested a Court order compelling Defendants to "respond to [his] administrative [CDC] 602 appeal (Log #RJD HC 13047781) or in the alternative, allow [him] to proceed [with his] complaint under 42 U.S.C. § 1983. *See* ECF Doc. No. 18 at 1. On July 23, 2013, however, Plaintiff submitted a letter to the Court requesting withdrawal of his July 14, 2013 Motion because he had, on July 21, 2013 "received a [2d level] response to [his] administrative appeal and will be submitting this matter to the third (and final) level in Sacramento." *See* ECF Doc. No. 20.

## I. SCREENING AND DISCUSSION

Pursuant to 28 U.S.C. § 1915A, enacted as part of the Prison Litigation Reform Act ("PLRA"), "the court shall review, ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). "Among other reforms, the PLRA mandates early judicial screening ... and requires prisoners to exhaust prison grievance procedures before filing suit." *Jones v. Bock*, 549 U.S. 199, 202 (2007).

Because Plaintiff is a prisoner, as defined by 28 U.S.C. § 1915A(c), the Court has reviewed his Complaint pursuant to § 1915A(a), as well as his Motions for Stay, and for an

---

[1] Plaintiff filed a second Motion to Proceed IFP on May 23, 2013 (ECF Doc. No. 16).

Order Requiring Response, and all exhibits attached thereto, and finds it clear Plaintiff's case must be dismissed because he has conceded his failure to exhaust all available administrative remedies prior to commencing this action. *See Wyatt,* 315 F.3d at 1120 (noting that "[a] prisoner's concession to non-exhaustion is a valid ground for dismissal.")

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." ).

A prisoner who seeks to challenge the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e "when the complaint is tendered to the district clerk." *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies *before* filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust.[2] *Id.* at 1051; *McKinney*, 311 F.3d 1198 (rejection prisoner's claim that the court should have entered a stay which would have provided an opportunity for exhaustion, and concluding that "[e]xhaustion subsequent to the filing of suit will not suffice."). *See also Rhodes v. Robinson*, 621 F.3d 1002, 1006-07 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a *supplemental* pleading, permitted by the Court pursuant to FED.R.CIV.P. 15(d), which permits the party to allege new claims arising after the date the initial pleadings were filed).

/ / /

---

[2] Prior to amendment by the PLRA, 42 U.S.C. § 1997e authorized district courts to stay a state prisoner's § 1983 action "for a period of not to exceed 180 days" while he exhausted available "plain, speedy, and effective administrative remedies." § 1997e(a)(1). *See Porter v. Nussle*, 534 U.S. 516, 522-23 (2002). "Exhaustion ... was in large part discretionary; it could be ordered only if the State's prison grievance system met specified federal standards, and even then, only if, in the particular case, the court believed the requirement "appropriate and in the interests of justice." *Id.* at 523 (citing 42 U.S.C. §§ 1997e(a) and (b)).

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." CAL. CODE REGS. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system prior to January 28, 2011, a prisoner had to proceed through four levels of appeal: (1) informal resolution, which required a prisoner to submit a CDC 602 inmate appeal form (captioned "Inmate/Parolee Appeal Form"); (2) first level formal written appeal; (3) second level written appeal to the institution head or designee; and (4) third level written appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). *See Woodford v. Ngo*, 548 U.S. 81, 85–86 (2006); *see also* CAL. CODE REGS. tit. 15, §§ 3084.1–3084.9.[3] A final decision from the Director's level of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). *See Lira v. Herrera*, 427 F.3d 1164, 1166–67 (9th Cir. 2005); *see also* CAL. CODE REGS. tit. 15, § 3084.7(d)(3) (as amended Dec. 13, 2010).

In the sworn Declaration Plaintiff proffers in support of his Complaint, Plaintiff alleges his due process rights were violated in November 2012 when he was "brought before a *Vitek* committee for consideration of a transfer to a mental hospital," but was not provided "prior written notice," "any written disclosure ... as to the evidence or reasons why [he] was being considered for transfer," or an "independent or qualified person to act in [his] best interest at th[e] hearing." (ECF Doc. No. 9 at 5.)

In *Vitek v. Jones*, 445 U.S. 480, 493-96 (1980), the Supreme Court held that an involuntary transfer of a state prisoner to a state mental hospital implicated his liberty interests under the Due Process Clause of the Fourteenth Amendment sufficient to require certain procedural safeguards prior to transfer. *Id.*

They include:

> ... written notice to the prisoner that a transfer to a mental hospital is being considered; [] a hearing, sufficiently after the notice to

---

[3] Effective January 28, 2011, the informal resolution level was eliminated. *See* CAL. CODE REGS. tit. 15, § 3084.7 (as amended Dec. 13, 2010).

> permit the prisoner to prepare, at which disclosure to the prisoner is made of the evidence being relied upon for the transfer and at which an opportunity to be heard in person and to present documentary evidence is given; ... [a]n opportunity at the hearing to present testimony of witnesses by the defense and to confront and cross-examine witnesses called by the state, except upon a finding, not arbitrarily made, of good cause for not permitting such presentation, confrontation, or cross-examination; ..."[a]n independent decision-maker; and ... [a] written statement by the factfinder as to the evidence relied on and the reasons for transferring the inmate.

*Id.* at 494-95.[4]

At the same time, however, when asked on his form Complaint whether "the last level to which [he] appealed [his administrative remedies] [was] the highest level of appeal available," (Compl. at 2), Plaintiff has checked the "No" box, explaining that "Defendants have not answered any of [his] appeals or requests in this matter," and referring the Court to his sworn Declaration and his own Exhibit D. (Compl. at 2.) Plaintiff's Exhibit D is comprised of what appear to be several separate CDCR Form 602 grievances and responses, each identified with "Tracking/Log #RJD HC 13047781," and dated at various times ranging from January 11, 2013 through March 29, 2013. In his Declaration, Plaintiff admits to have initiated the administrative

---

[4] Pursuant to *Vitek*, CAL. CODE REGS., tit. 15 § 3369.1(a) provides that California inmates "considered for placement in a Department of Mental Health hospital pursuant to Penal Code section 2684 shall be informed of their rights to a hearing on the placement and to waive such a hearing." *Id.* Unless inmates waive the hearing, or require emergency psychiatric hospitalization, they are provided:

> (1) A written notice of the placement hearing at least 72 hours prior to the hearing.
> (2) An independent and qualified staff member to assist the inmate with their preparation for the hearing. Any costs or expenses incurred related to independent assistance obtained by the inmate on their own shall be the sole responsibility of the inmate.
> (3) An opportunity to present documentary evidence and the oral or written testimony of witnesses, and to refute evidence and cross-examine witnesses unless the hearing officer indicates a good cause for prohibiting such evidence or witnesses.
> (4) A hearing officer who shall be the institution head or a designee, which shall be a correctional administrator, physician, psychiatrist, or psychologist who is not involved with treating the inmate.
> (5) A copy of the written decision within 72 hours after the hearing, which shall include the reason for the decision and the evidence, relied upon in making the decision.

CAL. CODE REGS., tit. 15 § 3369.1(a) (1)-(5).

appeal process "without response," and asks the Court to "Order the Defendants to answer Appeal Log. No. RJD HC 13047781." *See* Pl.'s Decl. in Support of Claim (Compl. at 9).

In his Motion to Stay, Plaintiff also refers to the sworn Declaration attached to his Complaint, as well as his Exhibit D, and claims that while he "had filed three administrative appeals," prison officials had "screen[ed] [them] out." *See* Pl.'s Mot. (ECF Doc. No. 11) at 1-2. Plaintiff requests a stay, however, because on April 8, 2013, he received a "First Level HC Appeal" Notice as to Appeal Log # RJD HC 13047781, which indicated that his appeal had, in fact, been "assigned to the Health Care Appeals Office for [a] response," which was due by May 6, 2013. *Id.* In his later letter to the Court, filed on July 25, 2013, Plaintiff makes clear that as of July 21, 2013, he had since received a Second Level Response to Log No. RJD HC 13047781, and "will be submitting this matter to the Third (and final) level in Sacramento." (ECF Doc. No. 20 at 1.)

Based on these submissions and Plaintiff's own sworn allegations, the Court finds that he has conceded his failure to exhaust all administrative remedies as available pursuant to 42 U.S.C. § 1997e(a) *prior* to initiating this suit. *See Vaden*, 499 F.3d at 1051; *Wyatt,* 315 F.3d at 1120. The "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending." *Rhodes*, 621 F.3d at 1004 (citing *McKinney*, 311 F.3d at 1199).

Accordingly, Plaintiff's Motion for Stay must be denied and this action must be dismissed without prejudice to Plaintiff re-filing a new and separate civil action *after* he has fully complied with 42 U.S.C.§ 1997e(a)'s exhaustion mandate. *See Wyatt*, 315 F.3d at 1120 (a dismissal for failure to exhaust administrative remedies is without prejudice).

**II.   CONCLUSION AND ORDER**

Good cause appearing, IT IS HEREBY ORDERED:

1.   Plaintiff's Motion for Stay (ECF Doc. No. 11) is DENIED;

2.   Plaintiff's action is DISMISSED without prejudice based on his conceded failure to exhaust administrative remedies prior to suit pursuant to 42 U.S.C. § 1997e(a);

/ / /

3.   Plaintiff's Motions to Proceed IFP (ECF Doc. Nos. 10, 16) are DENIED as moot; and

4.   The Clerk of Court shall enter a final dismissal of this action without prejudice and close the case.

DATED: September 12, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court